

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON BEYER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 14-4887 |
| STATE FARM FIRE AND CASUALTY CO. | : | |

**FILED**
FEB 05 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### ORDER-MEMORANDUM

**AND NOW**, this 4th day of February 2015, upon consideration of Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3), or in the alternative, Motion to Transfer (ECF Doc. No. 4), Plaintiffs' Response in Opposition (ECF Doc. No. 5), and Defendant's Reply (ECF Doc. No. 6), it is **ORDERED** that the Defendant's Motion is **DENIED**.

Venue in removal cases is governed by 28 U.S.C. § 1441(a) rather than § 1391. *See Polizzi v. Cowles Magazine, Inc.*, 345 U.S. 663, 665-66, 73 S.Ct. 900, 97 L.Ed. 1331 (1953); *Morrison v. Lindsey Lawn & Garden, Inc.*, Civ. A. No. 13-1467, 2014 WL 831570, *2 n.4 (E.D. Pa. Mar. 4, 2014). Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court or the United States for the district and division embracing the place where such action is pending." Defendant removed this case from the Philadelphia Court of Common Pleas, which is located in the Eastern District of Pennsylvania. Accordingly, venue is proper in this District.

Upon weighing the factors provided in 28 U.S.C. § 1404(a) and expanded upon in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. (1995), the Court finds that a transfer to the

xc: Legal

District of New Jersey is not warranted. Resident Plaintiffs' decision to file in their home forum is afforded great weight and should not be lightly disturbed. *See Piper Aircraft Co. v. Renyo*, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981) (noting that where plaintiff chooses his home forum, the choice is "entitled to greater deference"); Shutte *v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("[P]laintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request . . . ."). The convenience of the parties does not weigh in favor of transfer as the fora are adjacent. *Knights Collision Center, LLC v. AAA Mid-Atlantic, Inc.*, Civ. A. No. 09-493, 2010 WL 1141334, *4 (E.D. Pa. Mar. 25, 2010) ("Typically, where the requested forum is geographically close to the current forum, these convenience factors are not material."). Moreover, this case involves the interpretation of an insurance policy issued to a Pennsylvania resident by an Illinois company. The fact that the property insured under the policy negotiated by a Pennsylvania resident is located in New Jersey cannot justify transfer as Defendant alleges. This Court finds that Defendant has not met its heavy burden of showing that a transfer to the District of New Jersey is appropriate.

Defendant shall file an Answer to the Complaint no later than Wednesday, February 18, 2015.

KEARNEY, J.